IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BOBBY SMITH,** | : | |
| Petitioner | : | **CIVIL NO. 1:CV-13-01744** |
| v. | : | **(Judge Rambo)** |
| **J.E. THOMAS,** | : | |
| Respondent | : | |

## **M E M O R A N D U M**

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by Petitioner Bobby Smith, a federal inmate currently incarcerated at the Federal Prison Camp in Lewisburg, Pennsylvania ("USP-Lewisburg"). (Doc. 1.) In the petition, Petitioner alleges that, based on a 2007 amendment to the United States Sentencing Guidelines which prevents the use of certain petty offenses to enhance a sentence, the criminal history points in his pre-sentence report were inappropriately calculated because the charge used for the calculation should not have been used to lengthen his sentence. As relief, he seeks an order directing the United States Probation Department to correct his pre-sentence report so that he may subsequently challenge the duration of his confinement. For the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

## I. Background

On March 8, 1994, Petitioner was convicted of several counts of conspiracy to distribute and possession with intent to distribute crack cocaine in the United States District Court for the District of Nebraska.[1] (Doc. 8 at 2.) After denying Petitioner's motion for a downward departure, the district court sentenced him to three concurrent terms of imprisonment of 360 months. (*Id.* at 3.) In addition to filing that motion for downward departure prior to sentencing, Petitioner also filed a motion to declare 21 U.S.C. § 841 and United States Sentencing Guideline 2D1.1(a)(3) unconstitutional, an objection to his pre-sentence investigative report, and a statement regarding the pre-sentence report. (*Id.*)

On August 25, 1995, the United States Court of Appeals for the Eighth Circuit affirmed Petitioner's conviction. (*Id.*) The United States Supreme Court denied Petitioner's petition for certiorari. (*Id.*) Thereafter, in July 2007 the sentencing court denied Petitioner's attempt to collaterally attack his sentence with a motion to vacate sentence pursuant to 28 U.S.C. § 2255. (*Id.*) The sentencing court also denied Petitioner's motion for leave to file a petition for writ of *coram nobis* or writ of *audita querela* in June 2000. (*Id.*)

---

[1] Respondent has attached as an exhibit to the response to the petition a copy of Petitioner's criminal docket from the United States District Court for the District of Nebraska. (Doc. 8-1, Ex. 1.)

On January 12, 2012, the sentencing court reduced Petitioner's sentence from 360 months to 324 months pursuant to an unopposed motion filed as a result of the 2011 amendments to the Sentencing Guidelines for crack cocaine offenses. (*Id*. at 4.)

On June 25, 2013, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) As stated above, Petitioner claims that a 2007 change in the Sentencing Guidelines could reduce his criminal history score, and thus eventually his sentence. Petitioner has not sought leave of the Eighth Circuit Court of Appeals to file a second or successive motion to vacate his sentence pursuant to 28 U.S.C. § 2255 with this challenge to his sentence.[2]

---

[2] Under 28 U.S.C. § 2255(h),

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Further, 28 U.S.C. § 2244(b) provides:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously

On August 2, 2013, the court issued an order to show cause, directing Respondent to file a response to the petition. (Doc. 6.) Respondent filed a response on August 22, 2013. (Doc. 8.) Petitioner filed a traverse on September 12, 2013. (Doc. 9.) Thus, the instant habeas petition is ripe for disposition.

## II. Discussion

In the response to the petition, Respondent argues: (1) Petitioner has failed to exhaust his administrative remedies prior to raising his claim in federal court; and (2) the petition should be dismissed because Petitioner's claim is properly raised in a motion to the sentencing court pursuant to 28 U.S.C. § 2255, Petitioner has not sought leave with the appropriate Court of Appeals to file a successive § 2255 motion, and § 2255 is not inadequate or ineffective to test the legality of his detention. Because the court finds that the petition should be dismissed for lack of jurisdiction, the court need not address Respondent's exhaustion argument.

---

through the exercise of due diligence; and

  (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244.

A federal prisoner may challenge his sentence or conviction by motion to the sentencing court pursuant to 28 U.S.C. § 2255. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 343 (1974); *see Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) ("Section 2255 has made the sentencing court the exclusive forum for challenge to the validity of a conviction and sentence in the first instance."). Indeed, a court is specifically prohibited from entertaining a federal prisoner's challenge to his conviction by an application for habeas corpus pursuant to 28 U.S.C. § 2241 "unless it also appears that the remedy by motion [*i.e.*, pursuant to § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *see Okereke*, 417 F.3d at 120 ("[Section] 2255 must be used to raise a challenge to the validity of a conviction or sentence unless that section is 'inadequate or ineffective.'") (citing *In re Dornsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)).

In order to be able to bring a § 2241 petition for a writ of habeas corpus, the petitioner must establish that he satisfies the safety-valve language of § 2255, *i.e.*, that the remedy by way of a § 2255 motion is inadequate or ineffective to test the legality of his detention. The safety-valve language in § 2255 has been strictly construed. *See Galante*, 437 F.2d at 1165-66 (unfavorable legal standards prevailing in circuit where

sentencing court located does not render § 2255 remedy inadequate or ineffective); *Milan-Diaz v. Parker*, 444 F.2d 95, 97 (3d Cir. 1971) (doubts about the administration of a § 2255 motion in particular does not make the remedy inadequate or ineffective); *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954) (even if the sentencing court incorrectly disposes of a proper motion under § 2255, the proper remedy would be by appeal of that decision and not a habeas corpus petition). A prisoner can pursue habeas relief under the safety-valve clause of § 2255 usually only in a situation where a subsequent statutory interpretation reveals that the prisoner's conduct is no longer criminal. *See Brown v. Mendez*, 167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001).

A § 2255 motion is "inadequate or ineffective" only where a prisoner demonstrates "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *Galante*, 437 F.2d at 1165 (quoting *Leguillou*, 212 F.2d at 684). The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. *See id.*; *Cagle v. Ciccone*, 368 F.2d 183, 184 (8th Cir. 1966). Courts have consistently held that a prior unsuccessful motion to vacate a sentence does not render the remedy inadequate or ineffective. *In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (stating the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that

provision, or because an individual is procedurally barred from filing a § 2255 motion). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle v. United States*, 290 F.3d 536, 538-39 (citing *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986)). Hence, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle*, 290 F.3d at 539. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. *Galante*, 437 F.2d at 1165.

In this case, Petitioner has not met the high standard so as to be allowed to proceed under § 2241 rather than § 2255. First, Petitioner has not advanced any valid arguments as to § 2255's inadequacy or ineffectiveness. Further, the fact that Petitioner's present circumstances preclude him from invoking the remedy available to him under § 2255 does not demonstrate the inadequacy or inefficacy of the remedy itself.[3] *See Cradle*, 290 F.3d at 538 ("It is the inefficacy of the remedy, not the

---

[3] Section 2255 contains a one-year statute of limitations. Specifically, § 2255 provides, in pertinent part:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;

personal inability to use it, that is determinative."). As noted above, that a § 2255 motion may be time-barred is not a valid reason for pursuing relief under section 2241. *Id.* at 539. Moreover, Petitioner has not been granted leave to file a second or successive habeas corpus petition by the Eighth Circuit Court of Appeals.

In addition, Petitioner's claim does not fall within the narrow exception outlined in *Dorsainvil*, in which § 2241 relief would be available. In *Dorsainvil*, the Third Circuit Court of Appeals held that § 2241 relief was available only to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. *Dorsainvil*, 119 F.3d at 251. Here, Petitioner has not alleged that a change in substantive law has made him innocent of the federal charges against him.

In sum, Petitioner has not made the requisite showing that § 2255 is inadequate or ineffective to test the legality of his sentence. Further, the remedy afforded under

---

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

8

§ 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Therefore, Petitioner's petition will be dismissed for lack of jurisdiction, as his petition should have been brought in a motion under § 2255 to the sentencing court.

An appropriate order will issue.

                                                                      s/Sylvia H. Rambo
                                                   United States District Judge

Dated: October 16, 2013.