IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BOBBY SMITH,** | : | **CIVIL NO. 1:13-CV-1744** |
| Petitioner | : | (Judge Rambo) |
| v. | : | |
| **J.E. THOMAS,** | : | |
| Respondent | : | |

## **M E M O R A N D U M**

Before the court is Petitioner Bobby Smith's motion for reconsideration, pursuant to Federal Rules of Civil Procedure 59(e) and/or 60(b), of the court's memorandum and order of October 16, 2013 (Doc. 11), dismissing his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction. (Doc. 12.) For the reasons that follow, the instant motion (Doc. 12) will be denied.

## I.   **Background**

In the petition, Petitioner alleged that, based on a 2007 amendment to the United States Sentencing Guidelines which prevents the use of certain petty offenses to enhance a sentence, the criminal history points in his pre-sentence report were inappropriately calculated because the charge used for the calculation should not have been used to lengthen his sentence. As relief, he sought an order directing the United States Probation Department to correct his pre-sentence report so that he may subsequently challenge the duration of his confinement.

On August 22, 2013, Respondent filed a response to the petition.  (Doc. 8.) After Petitioner filed a traverse, (Doc. 9), the court issued a memorandum and order on October 16, 2013, dismissing the petition for lack of jurisdiction, (Doc. 11). Specifically, the court concluded that Petitioner's claim presented in his petition may only be presented before the sentencing court pursuant to 28 U.S.C. § 2255.  (*Id*.) Further, Petitioner never sought leave of the Eighth Circuit Court of Appeals to file a successive § 2255 motion.  (*See* Doc. 8.)

Petitioner filed the instant motion for reconsideration on November 14, 2013. (Doc. 12.)  In the motion, Petitioner asserts that his claims are properly presented pursuant to 28 U.S.C. § 2241 because invalid information in his pre-sentence report has resulted in a lengthening of his sentence by rendering him ineligible for early release into a Residential Re-entry Center.  (*Id*.)  As a result, he claims he is attacking the execution of his sentence and not its validity.  (*Id*.)  Respondent filed a brief in opposition on November 22, 2013.  (Doc. 13.)  Petitioner filed a traverse on December 11, 2013, (Doc. 14), and thus the motion is ripe for disposition.  After careful review, the court will deny the motion for reconsideration.

## II.   Discussion

Petitioner has filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b).  A motion for reconsideration governed by Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move to alter or amend a judgment within twenty-eight (28) days of entry.  Fed. R. Civ. P. 59(e).  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citation omitted). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 1:05-CV-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006).  Lastly, reconsideration of judgment is an extraordinary remedy, and such motion should be

granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

Further, Rule 60(b) provides, in pertinent part:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

>   (1) mistake, inadvertence, surprise, or excusable neglect;
>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>   (4) the judgment is void;
>   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3), no more than a year after the entry of judgment. Fed. R. Civ. P. 60(c)(1). Further, the decision to grant or deny relief pursuant to Rule 60(b) lies in the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *Ross v. Meagan*, 638 F.2d 646, 648 (3d Cir. 1981).

Applying the standard used when a party seeks reconsideration under either Rule 59(e) or 60(b), the court concludes that Petitioner has not demonstrated any of

the applicable grounds for reconsideration.  Initially, the court finds no intervening change in controlling law and no error of law or fact.  Further, Petitioner's argument for reconsideration merely represents an attempt to argue a new theory which was available to him before the court determined that it lacked jurisdiction to consider the claims under 28 U.S.C. § 2241.  Thus, dismissal of the petition for lack of jurisdiction was proper.  While Petitioner may disagree with the findings and outcome, the court finds no basis to reconsider the earlier decision.  Accordingly, the motion for reconsideration will be denied.

  An appropriate order will issue.

                s/Sylvia H. Rambo
                United States District Judge

Dated:  May 12, 2014.